Dear Mr. Eschete:
This office is in receipt of your request for an opinion of the Attorney General as to the legality of the City Council of Thibodaux appointing an Airport Authority. You indicate the City Council would like to appoint an Airport Authority, but questions if this would violate the city charter which prohibits the City Council from appointing a board or commission which has administrative responsibilities.
The city charter provides in Sec. 7-07 as follows:
 The city council may, at its option, appoint boards and commissions to advise it and the mayor regarding the operations of city services or other activities, provided that such boards and commissions shall exercise no administrative or legislative responsibility. Members of such advisory boards shall receive no compensation for such service. Members of all existing boards and commissions shall complete their terms of office, except as may be provided by this Charter or by action of the city council.
You indicate that the Council believes the Airport Authority created under R.S. 2:601-603 would not have any administrative responsibilities with reference to the operation of any phase of city government, and would not obligate the City to appropriate any funds for commitments made by the authority. Thus, the authority would only attempt to enhance or develop a municipal airport facility for the Thibodaux area.
The general powers of the airport authority are set forth in R.S. 2:604. Those are as follows:
 (1) To exercise all or any portion of the administrative powers, functions and authority, relative to airports, vested in the governing body of the subdivision;
 (2) To execute such contracts and other instruments and take such other action as may be necessary or convenient to carry out the purposes of this Chapter;
 (3) To plan, acquire, construct, improve, maintain, equip, operate, regulate and protect airports and air navigation facilities including the acquisition, maintenance and operation at such airports of buildings and other facilities for the servicing of aircraft or for the comfort and accommodation of air travelers, and the purchase of and sale of supplies, goods, and commodities as an incident to the operation of its airport properties. For such purposes an authority may, by purchase, gift, devise, lease, acquire property, real or personal, or any interest therein, including easements in airport hazards or land outside the boundaries of an airport or airport site, as are necessary to permit the removal, elimination, obstruction-marking, or obstructions;
 (4) To acquire, by purchase, gift, devise, lease, existing airports and air navigation facilities;
 (5) To establish or acquire and maintain airports in, over, and upon any public waters of this state, any submerged lands under such public water; and to construct and maintain terminal buildings, landing floats, causeways, roadways, and bridges for approaches to or connecting with and such airport, and landing floats and breakwaters for protection thereof;
 (6) Subject to the approval of the State Bond and Tax Board, the authority may make, in any year, contracts dedicating in whole or part the excess of annual revenues of subsequent years above statutory, necessary, and usual charges. * * * This Section shall not be construed to prohibit an authority from providing by ordinance or resolution for the expenditure of funds derived from miscellaneous or contingent sources actually collected, subject to the dedication of such funds established by law.
It would appear from these statutory powers the City Council is incorrect in concluding the Airport Authority would not have any administrative responsibilities with reference to the operation of any phase of City government. As provided in R.S. 2:604(1) the airport authority would exercise "all administrative powers, functions and authority, relative to airports, vested in the governing body of the subdivision."
Moreover, in accordance with R.S. 2:605 the authority may enter into contracts, leases, and arrangement with any persons "(1) granting the privilege of using or improving the airport or * * * any space therein for commercial purposes, (2) conferring the privilege of supplying goods, commodities, things, services, or facilities at the airport or air navigation facility; and (3) making available services to be furnished by the authority or its agents at the airport or air navigation facility." They may establish the terms and conditions and fix the charges, rentals, or fees for the privileges or services.
Thus, we must conclude that creation of an Airport Authority must comply with the statutory provisions, and as shown above, the statutory provisions are in conflict with the city charter wherein it prohibits commissions appointed by the city council from exercising any administrative responsibility.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0087f